UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANDREW LONGUSKI,

    Plaintiff,

v

RYAN AKERS and
GARY DEMERS,

    Defendants.

No. 2:19-cv-00190

HON. PAUL L. MALONEY

MAG. MAARTEN VERMAAT

| | |
|---|---|
| Julie A. Gafkay<br>Attorney for Plaintiff<br>Gafkay Law, PLC<br>175 S. Main Street<br>Frankenmuth, MI 48734<br>(989) 652-9240<br>jgafkay@gafkaylaw.com<br>P58680 | John G. Fedynsky (P65232)<br>Andrew Jurgensen (P81123)<br>Assistant Attorneys General<br>Attorneys for Defendant Akers<br>Michigan Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>fedynskyj@michigan.gov<br>froehlichj1@michigan.gov<br><br>James T. Farrell (P35400)<br>Assistant Attorney General<br>Attorney for Defendant Demers<br>Michigan Dep't of Attorney General<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>farrellj@michigan.gov |

**Exhibit 1**

Michigan State Police Official Order 1, Article 4

# ARTICLE 4

# CODE OF CONDUCT

*FOR MEMBERS COVERED BY COLLECTIVE BARGAINING AGREEMENTS, THIS ARTICLE IS SUPERSEDED BY THE CONTRACT IN AREAS OF CONFLICT.*

<u>SOLICITATION AND ACCEPTANCE OF GIFTS</u>

Section 4.1   Members or a group of members shall not solicit or accept, either directly or indirectly, any gift, reward, gratuity, loan, material thing, or benefit from any person or business, which, through a conflict of interest, might be in a position to benefit by such action. Department members are prohibited from using their official positions, badges, or official identification for personal or financial gain or for obtaining privileges not otherwise available to them. (Refer to Official Order No. 29 for further details of conflict of interest procedures.)

<u>SOLICITING FOR PERSONAL ADVANCEMENT OR POSITION</u>

Section 4.2   Members shall not request or use the aid of any person, group, or organization outside the department for the purpose of obtaining rank or position within the department or to secure restoration to rank, position, or assignment except as provided by the rules of the Civil Service Commission, or contractual agreement, or when authorized by the Director.

<u>ABSENCE FROM DUTY</u>

Section 4.3   Members shall not be absent from duty or assignment without prior expressed authorization of their commander. Where there is forfeiture of pay for such absence, it shall not constitute a bar to disciplinary action.

Section 4.3a Members shall not leave their assigned work area without expressed supervisory approval, except when advance supervisory approval is not reasonably available. When requesting such approval, members shall notify their work site of their location and reason for leaving the area.

Section 4.3b   Members who, for reasons of bona fide illness or injury resulting from duty or non-duty causes, have notified their commanders or supervisors, or have caused them to be notified that such illness or injury precludes them from working, shall be deemed properly absent from duty. Commanders or supervisors may request verification of such

illness. <u>RELEASING INFORMATION</u>

Section 4.4   Copies of criminal investigations conducted by this department and reported on department incident forms may be furnished by members only to prosecuting attorneys, the Attorney General, the Juvenile Section of Probate Courts, parole officers, pre-sentence investigators, and the Crime Victims Compensation Board. Copies of Motor Carrier Division investigations may be released to the Michigan Public Service Commission, Department of Transportation, and Interstate Commerce Commission. This section does not prohibit releasing reports as ordered by a court, stolen/recovered property information on prescribed forms, the Traffic Crash Report (UD-10), reports to the director of a mental health facility where an agreement has been entered into with the facility director and the Director of the Michigan State Police as detailed in Official Order No. 31, or data as authorized under the department's Freedom of Information policy as detailed in Official Order No. 20. When proper, reports may be released to other members of the department.

Section 4.4a   Members shall not release confidential information, obtained through the course of their employment, which impairs the efficiency of the department.

Section 4.4b   Information from personnel files may be released only upon approval of the Director or the Human Resources Division commander.

Section 4.4c    These rules are not to be construed so as to prevent the legitimate exchange of investigative information between police agencies when the information furnished pertains to investigations having related circumstances.

INDIVIDUAL DEPORTMENT

Section 4.5    Members shall maintain a level of conduct in their personal and business affairs, which is in keeping with the highest standards of the law enforcement profession. Members shall conduct themselves at all times, both on and off duty, in a manner that will reflect favorably upon the department. Conduct unbecoming a member shall include that which brings the department into disrepute or reflects discredit on the individual as a member of the department or that which impairs the efficiency of the department.

Section 4.5a    Members shall not make public statements, on or off duty, which show a reckless disregard for the truth.

Section 4.5b    Obscene or immoral conduct on duty is prohibited.

OBEDIENCE TO LAW

Section 4.6    Members shall not knowingly violate any laws of the United States, State of Michigan, ordinance of a unit of local government, laws of another state or country, or an order of any court. If such a charge is shown to be factual, the fact that no criminal prosecution was instituted against a member shall not bar department discipline. Likewise, the fact that criminal prosecution did take place, regardless of outcome, shall not have a bearing on department discipline procedures that shall be conducted on an independent basis. The results of any criminal proceeding shall be considered in any administrative hearing.

Section 4.6a    Members shall not knowingly violate the state or federal civil rights of fellow members or the public. Public expression of any prejudice against any individual or group based on race, color, religion, sex, national origin, marital status, disability, height, weight, genetic information, or other area protected by law is prohibited (see Official Order No. 12).

Section 4.6b    Members shall not knowingly violate the laws of arrest or search and seizure in the performance of their duties. Members may be disciplined for actions which the member knows, or could reasonably be expected to know, are in violation of existing law.

Section 4.6c    Members who are arrested on or off duty shall immediately report their arrest to the Director, through channels.

* COMPETENCY (Not applicable to MSPTA members)

Section 4.7    Members shall maintain sufficient competency to properly perform their duties and to assume the responsibilities of their positions. Members shall perform their duty in a manner that will establish and maintain the highest standards of efficiency in carrying out the functions and objectives of the department.

Section 4.7a    A member's incompetence may be demonstrated by an unwillingness or inability to perform assigned tasks, the failure to conform to work standards established for the member's rank or position, absence without leave, or unnecessary absence from the assigned work area during a tour of duty. In addition to other indicia of incompetence, repeated poor evaluations or a written record of repeated infractions of rules and regulations, Official Orders, or other directives shall be considered prima facie evidence of incompetence.

Section 4.7b	An enforcement member's incompetence may be demonstrated by a lack of knowledge of the application of laws required to be enforced or the failure to take appropriate action on the occasion of a crime, disorder, or other condition deserving their attention.

SHIRKING RESPONSIBILITY

Section 4.8	Members shall not malinger, feign illness, or shirk their duties or responsibilities. Willful neglect of duty, including sleeping on duty, is

prohibited. SELF IDENTIFICATION

Section 4.9	Unless on special assignment with prior authorization, on-duty officers shall identify themselves by name and badge number when requested by the public.

Section 4.9a	Enforcement members shall carry their Michigan State Police identification card and their driver's license while on patrol.

ON-DUTY RELIGIOUS, RACIAL, AND POLITICAL DISPUTE

Section 4.10	While on duty, members shall not become publicly embroiled in any religious, racial, partisan political or other controversial dispute in which their stand on the issue could be interpreted as the official position of the Department of State Police. The only exception to this shall be upon prior approval of the Director.

FINANCIAL OBLIGATIONS

Section 4.11	Members shall manage their financial affairs in a manner that will not bring discredit to themselves or to the department. Financial difficulty may be cause for disciplinary action when there is an adverse impact on the department.

CHARACTER OF ASSOCIATES

Section 4.12	Members are prohibited from association with individuals known by them to have been convicted of felonies or known by the member to presently be under investigation for felonious crimes, except in the line of duty. Association is defined as a continuing personal relationship that could expose the member to temptations to yield in their obligation to impartially enforce the law and bring disrepute or discredit to the department. Association with individuals in the prohibited category who are close relatives, or individuals being associated with under a department-approved rehabilitation program, is exempt from this rule.

COURTESY

Section 4.13	Members shall be courteous in the performance of their duties and shall refrain from using profane, obscene, vulgar or insolent language or gestures, regardless of provocation.

PUBLIC STATEMENTS

Section 4.14	Members shall not make public statements, on or off duty, through verbal, written, or any other form of expression, criticizing or ridiculing the department, its policies or other members, when such statements bring the department into disrepute. Statements which are defamatory, obscene, unlawful, or which may impair the operation or efficiency of the department, interfere with the maintenance of discipline, or which show a reckless disregard for truth are also prohibited.

APPEARANCE

Section 4.15	Members may be disciplined for intentional or repeated violations of departmental appearance regulations. (See Article 4, Enclosure 1)

DIGNITY

      Section 4.16     Members shall be dignified in appearance and conduct at all times. In the time of stress or disaster, despite trying conditions, they shall maintain their composure and perform their duties in a manner which will inspire confidence and respect.

COURAGE

      Section 4.17     Enforcement members shall carry out their duties with courage and determination and shall remain firm and steadfast in the face of opposition and danger.

USE OF TOBACCO

      Section 4.18     Smoking is prohibited in any state-owned, leased, or occupied facility or vehicle. Smoking outside an occupied facility is restricted to a reasonable distance from entrances and exits.

      Section 4.18a     When in uniform, members may smoke or chew tobacco as long as: (1) it is not offensive to the public; (2) they are not in a formation; (3) they do not have to leave their assignment for the sole purpose of smoking or chewing without providing necessary coverage; and (4) they are in compliance with state and federal law and department policy. Members may receive permission to leave their assignment to smoke or chew when their commander or supervisor deems that conditions are appropriate.

USE OF INTOXICATING BEVERAGES

      Section 4.19 Members shall not exhibit any evidence of impairment or consumption of intoxicating beverages while on duty or in uniform, except by special permission provided through channels by division, district, and section commanders, and then only when necessary to procure evidence not otherwise obtainable or for instructional purposes.

      Section 4.19a     Except as provided in Section 4.19 above, driving a state-owned vehicle is prohibited after the member has consumed any alcoholic beverages.

      Section 4.19b     Members shall not use intoxicants to the extent that any evidence of such consumption is apparent when reporting to regularly assigned duty. When off duty, the use of intoxicants shall be such that if members are recalled to duty, they are physically and mentally capable of performing their responsibilities without impairment.

POSSESSION OF INTOXICATING BEVERAGES

      Section 4.20     Members shall not consume, bring into, permit, or have in possession in a department installation or vehicle any intoxicants, except those which are evidence or when authorized by the Director. Department installation includes temporary locations such as staging areas, crime scenes, dive sites, etc.

USE AND POSSESSION OF CONTROLLED SUBSTANCES

      Section 4.21     Members shall not use or possess controlled substances unless they have been lawfully prescribed by a licensed medical practitioner or when held as evidence and otherwise possessed during official investigations.  Possession of controlled substances not legally prescribed for the member or when not being held in connection with a department investigation that is documented by official department reports shall constitute a violation of this section. Members of the Forensic Science Division and Canine Unit, authorized by the department and licensed by the U.S. Food and Drug Administration, are exempt from this policy when the possession of controlled substances is for training purposes.

PHYSICAL CONDITION

      Section 4.22      Members shall keep themselves in such physical condition as will enable them to readily perform any duties customarily assigned. When members' physical conditions are such that they cannot efficiently perform those duties assigned to similar ranks or positions, their commanders or supervisors shall notify the Director.

RESPECT FOR AUTHORITY

      Section 4.23      All orders shall be given in a clear and civil manner. Members shall promptly obey every lawful order given to them by superior authority. If the order is not understood or in conflict with other orders, it is the member's responsibility to point out the conflict or to obtain clarification. When orders given are in conflict with previously issued lawful orders, the new order shall be obeyed. Responsibility for a member not following the original order shall rest with the superior authority issuing the new order. The member obeying the conflicting order shall not be held responsible for disobedience of the original order.

      Section 4.23a      Insubordination or disrespect toward superior authority is prohibited. Insubordination is defined as manifest disrespect toward a supervisor or superior officer, open defiance, or the refusal to obey a supervisor's or superior officer's reasonable work related order. Gross insubordination occurs when a member remains insubordinate after having been advised of the consequences for refusing to obey. A lesser offense subject to discipline is failing to carry out a superior officer's or supervisor's reasonable work related order, directive, or request in a timely and satisfactory manner.

REPORTING DERELICTION OF DUTY/VIOLATIONS OF LAW

      Section 4.24      Members shall report to their commanders, supervisors, or any commanding officer, violations of these rules, regulations and criminal violations of law by other members which they observe, or which have been reported to them, or of which they have knowledge. Failure to report prohibited activities shall result in discipline.

      Section 4.24a      Members, whether on or off duty, having firsthand knowledge of felonious criminal activity, shall report the activity as soon as reasonably possible to an appropriate law enforcement agency.

COMPLIANCE WITH OFFICIAL ORDERS

      Section 4.25      Members shall comply with all Official Orders, policies, and directives properly issued by department authorities unless superseded by applicable Civil Service rule or contractual agreement.

ABUSE OF POSITION

      Section 4.26      Members shall not use their position to create fear or distrust to any segment of the public or to individuals outside the department.

      Section 4.26a      Retaliation against department members or members of the public for filing a complaint against them is strictly prohibited (See Official Order No. 12).

RECORDED COMMUNICATIONS

      Section 4.27      Members shall not use any type of electronic surveillance device to record, transmit, or transcribe audio conversations or video images of another member unless disclosure of the use of such device is made to all members present at the time of its use. The only exceptions to this policy are recordings which are routinely made and/or monitored as part of daily operations of the

department, recordings made pursuant to the authority of a court authorized warrant, and recordings made with prior supervisory approval as part of a department authorized investigation. This regulation applies to on duty activities and off duty activities that have a connection to the member's employment. Use of any recording device during an investigative interview as part of an administrative investigation <u>shall</u> be subject to the above disclosure provision.

Section 4.27a   All messages transmitted by radio and Teletype shall conform to the rules and regulations of the Federal Communications Commission and the LEIN Policy Council Guidelines.

Section 4.27b   Inappropriate or illegal use of the Internet, email, voice mail, cell phones or other state communications equipment is prohibited.

Section 4.27c   Members shall not make or transmit copies of recorded communications for purposes other than those involving official department business.

<u>OPENING CORRESPONDENCE</u>

Section 4.28   Members shall not open correspondence of another without permission or authority.

<u>FALSIFYING REPORTS OR DOCUMENTS</u>

Section 4.29   Members shall not intentionally falsify any report or document used in recording official department activity or intentionally omit material facts from any such report or document.

Section 4.29a   Members shall report on their daily activity report all arrests made, investigations conducted, and activities performed while on duty. All matters of criminal concern or matters which present a reasonable threat to effective law and order, coming to the attention of members while on duty, shall be reported in writing as soon as reasonably possible.

<u>PERSONAL VEHICLES</u>

Section 4.30   Members shall not use their personal vehicle for any purpose or business connected with the department, while on duty, unless authorized by a supervisor. This provision shall not apply to members engaged in union business who are authorized to do so by the collective bargaining agreement when such union business is carried out on duty.

<u>DEPARTMENT PROPERTY</u>

Section 4.31   Members shall not willfully cause damage to the property of the Employer, unreasonably waste the Employer's supplies, materials, or equipment, incur any debt for the Employer for personal gain, or intentionally operate any department equipment in an unsafe manner.

Section 4.31a   Members shall not cause or permit any department equipment to be altered, except for handgrips on a department weapon, without approval of their commander.

Section 4.31b   Members shall not permit citizens to use department facilities, equipment, or supplies, except according to policies or with prior approval.

* Section 4.31c   Lockers and storage areas provided for members' use at department installations and facilities are provided solely for the members' convenience. Members do not have a proprietary right to such lockers or storage areas, and all areas are subject to periodic administrative inspection even if they are locked. Official reports, documents, evidence, or other unauthorized items shall not be stored in these locker or storage areas without prior authorization of the work site commander. Any member who knows of, or discovers, that incident reports or evidence is being stored in a locker shall immediately report that fact to a superior officer.

     Section 4.31d     Department supplies, materials, or equipment shall not be used for any non-duty or non-department purpose without permission.

PROPERTY

     Section 4.32     Property coming into the custody of members due to their position, on or off duty, shall be documented, secured, protected, and disposed of in a timely manner in accordance with Official Orders. Such property shall not be converted to personal use, even if designated for destruction, without first obtaining appropriate permission.

HORSEPLAY

     Section 4.33     Members shall not engage in acts of "horseplay" while on duty which involve a substantial risk of injury to person or property, or which subject the department to embarrassment or ridicule because the actions are discernible to the public.

CHARGE REDUCTION

     Section 4.34     Members shall not initiate reduction or dismissal of valid traffic or non-traffic offenses. Charge reductions or dismissal recommendations in traffic or non-traffic cases shall be made only at the request of the Court or prosecuting official responsible for the case. Members may discuss any factors of which they are aware, which may affect the disposition of a charge with the prosecuting official so long as they refrain from advocating the reduction or dismissal of a valid charge.

     Section 4.34a     Members, while on or off duty, shall not furnish bond for any accused person (except an immediate family member) without prior approval of their commander. Such approval shall not be unreasonably withheld. Members, while on duty, shall not recommend or employ the services of a lawyer for a criminal matter arising out of the performance of their duties.

REQUIRED RESPONSE TO A DIRECT ORDER

     Section 4.35     Members shall fully and truthfully answer questions pertaining to job-related matters or to their conduct which is under investigation by the department when ordered to do so by a supervisor. Job related matters include on duty conduct, use of department materials, supplies, or equipment, and criminal conduct or other conduct that has a direct relationship to the member's position in the department. This provision does not abrogate rights existing under law or collective bargaining agreements. Members are subject to discipline, including discharge, for refusing to answer questions under this section, when advised that answers will not be used in any subsequent criminal proceedings and that refusal to answer will be considered insubordination.

     Section 4.35a     An investigator designated by the Director to investigate complaints against members has the authority of the Director to order members to answer all questions specifically directed and narrowly related to the allegation(s) or complaint(s). The member's response shall be in the same manner as Section 4.35.

***\* FOR MEMBERS COVERED BY COLLECTIVE BARGAINING AGREEMENTS, THIS SECTION IS SUPERSEDED BY THE CONTRACT IN AREAS OF CONFLICT.***