UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDREW LONGUSKI,                          )
              Plaintiff,           )
                                 )
                                 )    No. 2:19-cv-190
-v-                                       )
                                 )    Honorable Paul L. Maloney
RYAN AKERS and GARY DEMERS,               )
              Defendants.          )
                                 )

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Gary Demers' motion for summary judgment (ECF No. 29) and Defendant Ryan Akers' motion for summary judgment (ECF No. 33). For the reasons to be explained, both motions will be denied, as questions of material fact remain.

### I.

On November 2, 2020, Plaintiff Andrew Longuski submitted an amended complaint (ECF No. 28) as permitted by the Court's October 21, 2020 opinion and order (ECF No. 27). In this amended complaint, Longuski brings a claim of malicious prosecution in violation of 42 U.S.C. § 1983 against both Defendants.

This claim arises out of the same facts detailed in the Court's October 21, 2020 opinion, which the Court will briefly summarize. On May 18, 2018, Longuski, then a Lieutenant with the Michigan State Police (MSP), was attending a polygraph training on Mackinac Island. After the day's training, he ate dinner and met a group of officers at the Pink Pony Bar. Around 11:00 p.m., the group of officers decided to migrate to Horn's

Gaslight Bar. Longuski was walking with the group of officers when MSP Sergeant Jordan rode by on a bicycle he allegedly rode to the Pink Pony. Longuski jumped on the back of the bike and the two rode to Horn's Gaslight Bar, where they were stopped by Akers, an MSP officer on Mackinac Island, who told them they could not ride double on a bicycle.

Shortly thereafter, Akers returned to Horn's Gaslight Bar and accused Longuski and Jordan of stealing the bike the two had ridden from the Pink Pony Bar to Horn's Gaslight Bar because it was a ladies' bike. Longuski and Jordan went with Akers to the Mackinac Island Police Station, and Longuski continually denied any knowledge that the bicycle was stolen. Akers granted Longuski permission to return to Horn's Gaslight Bar but notified his commanding officer, Gary Demers, of the incident. Demers advised Akers to proceed in filing a report and enforcement action. Longuski alleges that Akers knowingly included misrepresentations and omissions in his arrest warrant, and that both Akers and Demers failed to interview witnesses and view relevant video surveillance before submitting a warrant request. Longuski further alleges that at some point between the incident and the arrest, Demers did view the surveillance videos, but failed to amend Akers' report to reflect that new information.

The request for Longuski's arrest was submitted on May 21, 2018. On May 23, 2018, Longuski was arrested at work and charged with larceny under $200 and disturbing the peace. He was removed from his position on or about that date.

On September 24, 2018, the charges against Longuski were dismissed. Longuski made an internal complaint against Akers for misconduct. The MSP found Akers guilty of misconduct and issued him an eight-day suspension.

2

Both Defendants have filed motions for summary judgment asserting that they are entitled to qualified immunity.

## II.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out an absence of evidence supporting the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once the moving party has carried its burden, the nonmoving party must set forth specific facts, supported by evidence in the record, showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252. The function of the district court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Resolution Trust Corp. v. Myers*, 9 F.3d 1548 (6th Cir. 1993) (unpublished table opinion) (citing *Anderson*, 477 U.S. at 249).

However, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994)) (quotation marks removed). A mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734–35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). Accordingly, the non-moving party "may not rest upon [his] mere allegations," but must instead present "specific facts showing that there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## III.

Both Defendants assert that the Court should grant their motions for summary judgment because they are entitled to qualified immunity. Qualified immunity shields law enforcement officers from civil liability unless the officers (1) violated a statutory or constitutional right; and (2) the right was clearly established at the time of the violation. *Reichle v. Howards*, 566 U.S. 658, 664 (2012). Courts are permitted to address the two prongs of the qualified immunity analysis in any order. *Pearson v. Callahan*, 555 U.S. 223, 226 (2009).

Generally, a grant of summary judgment before the non-movant has an opportunity to engage in discovery is improper. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d

229, 231 (6th Cir. 1994). The Sixth Circuit has held that "some discovery must be afforded the non-movant before summary judgment is granted." *Id.* While the Supreme Court has made clear that the "driving force" behind the qualified immunity doctrine is the desire to ensure "insubstantial claims against government officials be resolved prior to discovery," *Anderson v. Creighton,* 483 U.S. 635, 640 n.2 (1987) (citing *Harlow v. Fitzgerald,* 457 U.S. 800 at 818-819 (1982)), the Supreme Court has since noted that discovery "may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton,* 523 U.S. 574, 593 n. 14 (1998).

Importantly, the Sixth Circuit has held that the Circuit "generally denies qualified immunity at the motion to dismiss stage in order for the case to proceed to discovery, so long as the plaintiff states a plausible claim for relief." *Marvaso v. Sanchez,* 971 F.3d 599, 606. (6th Cir. 2020). While both Defendants title their motions as Rule 56 motions, they are more appropriately read as motions to dismiss, as discovery has not yet occurred.

Plaintiff's claim survives Defendants' motions for summary judgment because questions of material fact exist with respect to the first prong of the qualified immunity analysis. Despite citations to affidavits about whether Akers and Demers knew about the surveillance video at the time of Longuski's arrest, it is impossible to determine which facts are true without the benefit of cross-examination and discovery. Accordingly, summary judgment on the issue of qualified immunity is premature until these facts cause can be developed though discovery.

## IV.

The Court finds that genuine questions of material fact remain, and that Defendants are not entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ryan Akers' and Defendant Gary Demers' respective motions for summary judgment (ECF Nos. 29 and 33) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Ryan Akers and Defendant Gary Demers file answers to Plaintiff's amended complaint (ECF No. 28) within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Date:  June 21, 2021                             /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge